## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | |
|---|---|
| VIVIAN R. NEAL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:26-cv-10510 |
| FIRST CONTACT, LLC and IENERGIZER HOLDINGS LIMITED, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes VIVIAN R. NEAL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of FIRST CONTACT, LLC ("First Contact") and IENERGIZER HOLDINGS LIMITED ("iEnergizer") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.,* as well as the Michigan Collection Practices Act ("MCPA") pursuant to M.C.L. § 445.251 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

4. Joinder of Plaintiff's claims against Defendants are proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

**PARTIES**

5. Plaintiff is a consumer over 18 years of age residing in Detroit, Michigan, which is within the Eastern District of Michigan.

6. First Contact is a third-party debt collector collecting debts from consumers across the country, including those in the state of Michigan. First Contact is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 6700 North Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33309.

2

7. iEnergizer is a third-party debt collector that specializes in providing debt collection services to its clients in the financial services industry, including consumers located in the state of Michigan. iEnergizer's principal place of business is located at 11009 Metric Blvd., Austin, Texas 78758.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon a purported consumer debt obligation ("subject consumer debt") said to be owed by Plaintiff to Credit One Bank ("COB").

10. Due to unforeseen financial hardship outside of her control, Plaintiff fell behind on payments on the subject consumer debt.

11. The default provision in Plaintiff's agreement with COB states that the account has been defaulted upon if the account holder "fail[s] to make a required payment due."

### Account Closure

**Default:** You are in default under this Agreement if (1) bankruptcy or another insolvency proceeding is filed by or against you; (2) we reasonably believe you are unable or unwilling to repay us; (3) you die or are legally incompetent or incapacitated; (4) you fail to comply with the terms of this Agreement, including failing to make a required payment when due, exceeding your credit limit or using your Card or Account for an illegal transaction; (5) you give us misleading, false, incomplete or incorrect information or fail to give us any information we deem necessary; or (6) if you no longer permanently reside in one of the 50 states or the District of Columbia. If you are in default, we may declare the entire Account balance immediately due and payable without advance notice.

3

12. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, it was placed with Defendants for collection purposes.

13. Thereafter, Defendants began placing debt collection phone calls to Plaintiff's personal cellular phone, (313) XXX-4956, seeking payment of the subject consumer debt.

14. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4956. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendants have primarily used the phone numbers (313) 899-5769, (313) 880-4882, (313) 761-5071, (313) 998-4397, (313) 459-0665, and (313) 459-0632 when placing collection calls to Plaintiff's cellular phone but upon belief, Defendants have used other phone numbers as well.

16. Upon information and belief, Defendants regularly utilize the above-referenced phone numbers during their debt collection activity.

17. Upon further information and belief, Defendants systematically vary the telephone numbers they place collection calls from, in efforts to mislead Plaintiff into believing various individuals are calling, when in fact the calls are all coming from Defendants, in hopes that Plaintiff will answer.

18. Each time Defendants called Plaintiff and spoke to her, they would identify themselves as COB and did not advise her that said communication was coming from a debt collector.

19. iEnergizer would call Plaintiff multiple times a day, up to 10 times in one day.

20. First Contact would also call Plaintiff multiple times a day, up to 13 calls in one day, including on weekends.

21. Upon answering a call from Defendants, Plaintiff was informed that Defendants were seeking to collect upon the subject debt.

22. On or around May 2025, Plaintiff answered one of Defendants' repeated phone calls and requested a debt validation letter, along with additional information regarding the subject debt.

23. Instead of providing the requested information, Defendants' representative abruptly ended the call by hanging up on Plaintiff.

24. Defendants failed to provide the requested debt validation documentation and instead continued to place persistent and unwelcome calls to Plaintiff's cellular phone.

25. As a result, Plaintiff answered another call and demanded that Defendants cease further calling her cellular phone.

26. Rather than adhere to Plaintiff's request, Defendants have continued to place repeated and consistent phone calls to Plaintiff's cellular phone for the past several months.

27. Defendants' further usage of varied telephone numbers eliminated any self-help remedies that Plaintiff may have had to stem the tide of calls, including blocking the calls.

28. Defendants continued calling thereafter, often multiple times per day, despite Plaintiff indications that she was not happy with Defendants' constant collection calls.

29. iEnergizer has placed as many as 14 calls within a two-day period to Plaintiff, from May 13, 2025, to May 14, 2025.

30. First Contact has placed as many as 43 calls within the calendar week to Plaintiff, from June 19, 2025, to June 24, 2025.

31. Upon information and belief, all calls placed by Defendants to Plaintiff originated from or otherwise were tied to Defendants' principal places of business.

32. Defendants' conduct was designed to harass Plaintiff into payment and squeeze sums of money from a consumer who had otherwise indicated that she did not want to be contacted and could not pay.

33. Frustrated over Defendants' conduct, Plaintiff spoke to the undersigned regarding her rights, exhausting time, money, and resources.

34. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

35. Plaintiff suffered concrete harm as a result of Defendants' actions, including but not limited to invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, unwanted harassment, and numerous violations of her federal and state-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692c(d) of the FDCPA.

38. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

39. Defendants are a business whose principal purpose is the collection of debts.

40. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.***

41. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(6) additionally prohibits the placement of calls "without meaningful disclosure of the caller's identity."

42. The amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

43. Defendants violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b), through their placement of harassing phone calls to Plaintiff's cellular phone, especially following her advisements that the frequency of calls was unacceptable. Despite such, Defendants nevertheless continued placing incessant phone calls seeking collection of the subject consumer debt.  Regulation F prohibits the placement of more than 7 calls in 7 consecutive days, a regulation that Defendants flagrantly violated by placing as many as 10 to 13 calls in a singular day, and as many as 14 to 43 calls within a 7-day span. Such conduct underscores Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have received an unreasonable number of collection calls may state claims for repeated phone calls. Defendants' intent to harass is clear both through their completely unreasonable volume of calls, as well as their usage of varied phone numbers in order to collect the debt and evade self-help remedies such as blocking the calls. Defendants' violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy and emotional distress stemming from Defendants' persistence in placing unwanted phone calls to Plaintiff's cellular phone.

**b. Violations of FDCPA § 1692e**

44. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).
> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . ." 15 U.S.C. § 1692e(11); and
>
> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

46. Defendants violated §§ 1692e and 1692e(10) through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through their conduct, Defendants misleadingly represented to Plaintiff that it had the lawful ability to contact Plaintiff's cellular phone up to ten times per day despite the binding regulations prohibiting such conduct.

47. Defendants further violated §§ 1692e, 1692e(10), 1692e(11), and 1692e(14) through their failure to disclose that the communications they had with Plaintiff were coming from a debt collector, and through the misrepresentations in indicating that it was actually COB placing the calls. Upon information and belief, Defendants intentionally engage in these practices both under the belief that a consumer is more likely to submit payment to their creditor rather than a collector, and that obfuscating

their identities may insulate them from legal liability, or otherwise allow it to end-around the requirements of the FDCPA. Defendants' complete failure to comply with the requirements of the FDCPA underscore the false and deceptive nature of its conduct with respect to Plaintiff.

### c. Violations of FDCPA § 1692f

48. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. Defendants violated § 1692f when they unfairly and unconscionably attempted to collect on the subject consumer debt by bombarding Plaintiff with phone calls, especially after Plaintiff expressed frustration with the frequency of the calls.

50. Defendants further violated § 1692f through their attempts to evade the applicability of the FDCPA, as discussed above.

### d. Violations of FDCPA § 1692g

51. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), proscribes that a debt collector must provide certain written disclosures and information to a consumer within 5 days of first contact with the consumer.

52. Defendants violated § 1692g through their complete failure to provide to Plaintiff with the requisite disclosure statements and information as required by the FDCPA.

11

WHEREFORE, Plaintiff, VIVIAN R. NEAL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

53. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

54. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

55. Defendants are "regulated person[s]" as defined by M.C.L. § 445.251(1)(g) as they are "person[s] whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

56. The subject consumer debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

a. **Violations of M.C.L. § 445.252(n)**

57. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

58. Defendants violated the MCPA when they continuously called Plaintiff after repeatedly being notified to stop. In spite of Plaintiff's multiple demands, Defendants systematically contacted Plaintiff, despite knowing such calls to be harassing and unwanted by Plaintiff. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into making payment. Specifically, Plaintiff requested debt validation documentation from Defendants to understand why Defendants were calling her multiple times. However, instead of providing substantive proof for the validity of the subject debt, Defendants instead hung up on Plaintiff and continued to call Plaintiff multiple times per day, from different numbers, at all times of the day and consecutive days in a row. Further, Defendants' conduct in repeatedly calling in response to Plaintiff's repeated demands to cease communication similarly illustrates the harassing intent behind Defendants' phone calls. As such, Defendant deceptively and misleadingly represented to Plaintiff their lawful ability to continue placing such calls, as it led

Plaintiff to believe there were no options available to address Defendants' conduct and stop the onslaught of calls other than to pay the subject debt.

59. Defendants' call volume, in and of itself, is in violation of the MCPA. Calling a consumer repeatedly, up to 10 to 13 times a day, as well as between 14 to 43 times within a 7-day period, is harassing and abusive by any standard. Plaintiff explicitly notified Defendants to stop, yet Defendants placed repeated calls to Plaintiff's cellular phone knowing the calls were inconvenient and unwelcome.

60. Defendants further violated the above provisions of the MCPA through the harassing, deceptive, and abusive nature of Defendants' collection campaign directed towards Plaintiff. Defendants deceptively represent their identity when speaking with Plaintiff, as Plaintiff was led to believe she was dealing with COB, when in fact she was dealing with Defendants, both third-party debt collectors. Defendants' deceptive and misleading conduct is designed to mislead consumers into believing that they are dealing directly with COB with whom Plaintiff has a relationship, and would thus be more likely to make payments, rather than realizing their debt has been placed with an undisclosed and unidentified third party with less direct involvement in the underlying transaction and who has less incentive to collect the debt than COB. Defendants' deceptive scheme is thus designed to obfuscate precisely who Plaintiff was dealing with, further causing Plaintiff to be misled as to

14

the rights available to her in connection with the relentlessly harassing calls she was receiving.

61.  Defendants further violated the above provisions of the MCPA through the deceptive and misleading way in which they routinely, systematically, and intentionally varied the phone numbers from which calls were placed so as to obfuscate Plaintiff's ability to determine who was calling and to otherwise be misled into answering a call from an unknown and not-previously-used phone number. Defendants' conduct is further designed to deceptively limit, and otherwise respond to, the call-monitoring and identification software installed as a matter of course in modern cellular phones.

### b. Violations of M.C.L. § 445.252(q)

62. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

63. Defendants violated the MCPA by failing to have adequate procedures in place designed to prevent a violation by its employees. Plaintiff requested debt verification documents and even informed Defendants that their calls were inconvenient, unwelcome, and harassing, and further demanded that they stop. Nevertheless, the debt was never verified, calls continued at an incessant rate, and Plaintiff had to continue to renew her demands that the calls cease. Such conduct

demonstrates the lack of any procedures in place by Defendants wherein their employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient and no longer with legal consent. As such, Defendants have not only failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts, but seemingly encouraged such violations of law through its harassing and oppressive methods of debt collection.

64. Defendants' violations of the MCPA were made willfully and knowingly. Defendants were notified by Plaintiff to verify the debt and were further informed that she did not wish to receive any more phone calls. Yet, Plaintiff was ignored and continuously bombarded with collection phone calls from Defendants for several months. Defendants engaged in this conduct, knowing it to be harassing and a violation of law, in turn demonstrating their willful violations. Upon information and belief, Defendants regularly engage in the above-described behavior against consumers in Michigan, further demonstrating their willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, VIVIAN R. NEAL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1);

c.  Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2);

d.  Awarding Plaintiff statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2);

e.  Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2);

f.  Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and,

g.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: February 13, 2026                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com